UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI-PING LIN, an Individual,<br><br>         Plaintiff,<br><br>v.<br><br>TRANSFORM PARTNERS LLC aka ELOGIC INC., a California Corporation; and DOES 1 to 10,<br><br>         Defendants. | Case No.: 18cv1933 DMS (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Yi-Ping Lin is the inventor of U.S. Patent Number 7,611,112 ("the '112 Patent"). On August 20, 2018, he filed the present case against Defendant Transform Partners LLC alleging a claim of infringement of the '112 Patent. In response to the Complaint, Defendant filed the present motion, to which Plaintiff filed an opposition and Defendant filed a reply. For the reasons set out below, the motion is granted but with leave for Plaintiff to file a First Amended Complaint.

**I.**

**DISCUSSION**

"In the past, Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ('Form 18') was titled 'Complaint for Patent Infringement' and provided a sample allegation of direct infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d

1

1372, 1376 (Fed. Cir. 2017). Compliance with this Form "'effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading.'" *Id.* at 1376-77 (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 177, 1283 (Fed. Cir. 2013)). "However, Form 18 was abrogated by the Supreme Court effective December 1, 2015." *Id.* at 1377. Thus, to the extent Form 18 set forth a more liberal standard for pleading claims of patent infringement, that standard no longer controls. Instead, patent claims, like all other claims for relief, must now comply with the standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016).

To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

Since the abrogation of Form 18, some district courts have held "that in order to properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim." *Scripps Research Institute v. Illumina, Inc.*, No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at 5 (S.D. Cal. Nov. 21, 2016). This standard is based on "the principle that 'the failure to

2

18cv1933 DMS (KSC)

meet a single limitation is sufficient to negate infringement of [a] claim.'" *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)). However, "a chart specifically identifying where each limitation of an asserted claim can be found in an accused instrumentality is not required absent a local rule stating otherwise." *Continental Circuit LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *5 (D. Ariz. Feb. 21, 2017).

Here, Defendant argues Plaintiff has failed to plead facts to show that each limitation of the asserted claims is met in the accused devices. The Court agrees. Although the Complaint includes a chart for each of the asserted claims, the chart fails to set out each limitation of the asserted claims and facts supporting the allegation that each of those limitations is met in the accused products. For example, for claim 1 of the '112 Patent, Plaintiff lists the limitations as "a supporting frame, a bearing structure …, a cooling fan, a first holding mechanism, and a second holding mechanism where in a projecting axle is extended to." (Compl. at 6.) However, with the exception of the supporting frame, each of these limitations contains additional limitations that are not set out in the Complaint. (*Compare id. with* Compl., Ex. 1 at 5:66-6:49.) Furthermore, Plaintiff fails to set forth sufficient facts to show that the accused products meet each of those limitations. Instead, Plaintiff simply reiterates the abbreviated claim limitations on Defendant's side of the claim chart.

Because Plaintiff's Complaint does not set out every limitation of the asserted claims or set forth facts explaining how each of those limitations is met by Defendant's products, it must be dismissed.

## II.

## CONCLUSION AND ORDER

For these reasons, Defendant's motion to dismiss is granted. Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies set out above. Plaintiff is cautioned that if his First Amended Complaint does not cure these deficiencies,

his claims will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before **February 19, 2019**.

**IT IS SO ORDERED**.

Dated: February 4, 2019

Hon. Dana M. Sabraw
United States District Judge